PHILIP LOMBARDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lombardo v. Commissioner
Docket No. 4919-72.
United States Tax Court
T.C. Memo 1974-250; 1974 Tax Ct. Memo LEXIS 66; 33 T.C.M. (CCH) 1114; T.C.M. (RIA) 74250; September 23, 1974, Filed. Held, salary deduction determined. Joseph G. Aronson and Herbert L. Zuckerman, for the petitioner.
William M. Gross, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined that petitioner is liable as a transferee for the following deficiencies in income tax and additions thereto, determined against Prescription Center, Inc.: Taxable Year Ending July 31
Deficiency
Addition to Tax Under Sec. 6651(a) 1965
$3,523.00
$880.75
1966
3,354.81
670.96
*67 Concessions having been made by petitioner, including that of liability as a transferee, the sole issue remaining for our determination is whether Prescription Center, Inc., is entitled to a salary expense deduction pursuant to section 162(a) (1) [1] for payments totaling $16,100 made to Anthony Russo during the taxable year ending July 31, 1965. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Philip Lombardo, is an individual residing in West Orange, N.J., at the time of the filing of his petition herein. During the years in issue petitioner filed individual income tax returns with the district director of internal revenue at Newark, N.J.
Prescription Center, Inc. (Prescription) was a corporation that operated a retail pharmacy in West Orange. For the taxable years ending July 31, 1965 and 1966, corporate income tax returns were filed with the district director of internal revenue at Newark. Prescription was organized in August 1957 by petitioner and Anthony Russo (Russo) with each receiving a 50 percent *68 interest in the corporation. During the taxable year ending July 31, 1965, and years prior thereto petitioner was the president of Prescription with Russo acting as secretary-treasurer. Petitioner has been a registered pharmacist since 1951 and acted as the pharmacist for Prescription. In addition petitioner managed the entire business. Russo, although having no set working hours, was also regularly present at Prescription and he would perform various duties, including working behind the counter, answering the telephones, sweeping the floors, and assisting petitioner. Russo is not a registered pharmacist. During the taxable year ending July 31, 1965, Prescription paid petitioner $15,300 and Russo $16,100. These amounts were deducted by the corporation as a salary expense. Respondent disallowed the salary deduction for Russo in full. In the previous two years, years not before this Court, Prescription paid Russo $25,840 and petitioner $15,850 for the taxable year ending July 31, 1964, and Russo $30,960 and petitioner $12,750 for the taxable year ending July 31, 1963. During these years Russo maintained the same working habits as during the taxable year ending July 31, 1965. *69 Neither petitioner nor Russo would explain how the amount of Russo's salary was determined. A part of the salary was based on the fact that Russo was a 50 percent owner of the corporation. On June 26, 1966, petitioner purchased Russo's interest and became the sole shareholder of Prescription. Four days later the corporation was liquidated and all of the assets transferred to petitioner. The assets had a fair market value of not less than $65,000. ULTIMATE FINDING OF FACT Of the $16,100 which Prescription paid to Russo during its taxable year ending July 31, 1965, only $4,000 is deductible as salary expense under section 162. OPINION Section 162(a) (1) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. For a salary deduction to be sustained it must first be demonstrated that the payments were in fact payments intended as compensation for services rendered. Section 1.162-7(a) and (b) (1), Income Tax Regs; Electric & Neon, Inc., 56 T.C. 1324, 1340 (1971). In *70 addition to demonstrating that the payments were intended as compensation, it must also be shown that such payments were reasonable in amount.The issue is purely factual and the burden of proof rests with petitioner. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent submits that the $16,100 paid to Russo was not intended as compensation for services rendered, and that, therefore, no deduction is allowable. In making this contention respondent puts emphasis upon Russo's reputed connections with organized crime and suggests, in effect, that Russo's activities with Prescription were merely as a front to other activities and that perhaps the payments were the result of some nefarious act of coercion on the part of Russo. In any event, respondent argues, the payments were not intended as compensation for services rendered to Prescription. Respondent concedes that Russo's background prompted inquiry into the propriety of the deduction. However, despite these innuendos of criminality, respondent has produced no evidence linking Russo's reputed activities with the issue at hand. Reviewing the evidence presented we find that Russo retained a 50 percent interest *71 in Prescription during the taxable year ending July 31, 1965. As a part owner of Prescription, Russo regularly appeared at the place of business and performed various functions, including working behind the counter, answering the telephones, sweeping the floor and assisting petitioner. Contrary to respondent's request, we find that Russo was in fact entitled to take a salary for the services rendered to the corporation. While the record is silent as to Russo's ability, the record is clear that Russo was active in the corporation. Respondent's reliance on Bramlette Building Corporation v. Commissioner, 424 F.2d 751 (C.A. 5, 1970), affirming 52 T.C. 200 (1969), is misplaced. The factual characteristics of that case are not sufficiently similar to the instant situation so as to give the case any precedential value herein. We, therefore, find that a part of the payments was compensation for services rendered. Respondent argues that although there may have been services rendered and payments made, petitioner presented no evidence linking the two. Respondent places too much emphasis upon the fact that Russo had no assigned duties or hours. Russo was a *72 co-owner of Prescription and was regularly present at the store. His activities were more than those of a shareholder protecting his interest. As an active participant (although clearly not as active or qualified as petitioner) Russo was entitled to draw a salary. We, therefore, find a sufficient link between the payments and the services rendered. Although we have found that Russo was entitled to a salary, it is our opinion that $16,100 is an unreasonable amount considering the services rendered. What constitutes reasonable compensation is a question of fact and the burden of proof is upon petitioner. Botany Mills v. United States, 278 U.S. 282 (1929). It is our opinion that no more than $4,000 could be properly attributable to the services rendered and that the excess is in substance a disguised dividend. In making this determination we have taken into account the actual services rendered by Russo and the fact that as an owner he might have certain responsibilities. In making our determination we have given only very minimal weight to petitioner's claim that a part of the salary was due to Russo's ability to bring in customers. No independent evidence was presented *73 to corroborate this. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩